FILED-CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

2011 APR 13  PM 3: 19

TEXAS-EASTERN

| | | |
|---|---|---|
| RONALD L. BRAXTON, | § | BY_____ |
| | § | |
| Plaintiff, | § | |
| | § | C.A. NO. 4:11cv199 |
| v. | § | |
| | § | |
| LIFE TIME FITNESS INC. | § | |
| | § | JURY DEMAND |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

**COMES NOW** RONALD L. BRAXTON, hereinafter referred to as "Plaintiff",

complaining of and about LIFE TIME FITNESS INC., hereafter referred to as "Defendant", and

for cause of action shows unto the Court the following:

**I.**
**JURISDICTION/VENUE**

1.      This action is brought pursuant to Title VII of the Civil Rights Act of 1964 as

amended, for employment discrimination. Jurisdiction is specifically conferred on this Court by

42 U.S.C. Section 2000e(5).  This Court has jurisdiction to determine the issues and claims in

this matter, and has jurisdiction over the amount in controversy.  The subject matter of this suit

and the amount in controversy are within the jurisdictional limits of this Court.  The amount in

controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  This Court has

original jurisdiction over this action under 28 U.S.C. § 1332.  Venue is proper in this Court under 28

U.S.C. § 1391.  There is diversity of citizenship of the parties, as indicated in paragraphs 2 and 3

below.

## II.

## PARTIES AND SERVICE

2.     Plaintiff RONALD L. BRAXTON brings suit in his individual capacity, and is a resident of Allen, Collin County, Texas.

3.     Defendant LIFE TIME FITNESS INC. is a Minnesota corporation which at all times mentioned herein conducted business in Texas.  Defendant may be served with process through its registered agent for service of process in Texas.

## III.
## CONDITIONS PRECEDENT RELATED TO RONALD L. BRAXTON

4.     Plaintiff RONALD L. BRAXTON has complied with all prerequisites for bringing this, including the following:

   a.   Plaintiff timely filed a written Charge and Complaint contemporaneously with the Equal Employment Opportunity Commission and the Texas Commission on Human Rights, alleging discrimination;

   b.   On or about the 15th day of January, 2011, the Texas Commission on Human Rights notified Plaintiff that he had the right to sue within 90 days of the receipt of notification; and

   c.   Plaintiff has timely filed his action within 90 days of the receipt of the Notice of Right to Sue (a copy of which is attached hereto).

## IV.
## FACTS

5.     Plaintiff brings this suit pursuant to Title VII of the Civil Rights Act of 1964 as amended, for employment discrimination.

6.     At all relevant times, Defendant was engaged in an industry affecting commerce and which had more than fifteen (15) employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.  Whenever in this Complaint it is

2

alleged that Defendant did any act or thing, it is meant that Defendant and its officers, agents, servants, employees or representatives did such act.

7.     Plaintiff would show unto the Court that, at all relevant times, he was employed with Defendant.  Defendant's wrongful termination of Plaintiff's employment occurred in Allen, Collin County, Texas.  Prior to his wrongful discharge by the Defendant, Plaintiff was employed as a fitness instructor.  Plaintiff satisfactorily performed all essential functions of his job. Further, Plaintiff satisfactorily performed all duties to which he was assigned.  Prior to his termination, Plaintiff was treated differently than his co-workers and was singled out for punishment for actions that other instructors were not punished for.  Further, Plaintiff became aware of conduct by Life Time supervisors that violated the law and Life Time's policies.  When Plaintiff reported the misconduct, his superiors treated him differently than other instructors and began looking for any reason to fire him in retaliation.  Further, on numerous occasions, Plaintiff was referred to in derogatory racial terms (and called racial names) by managers.  Further, managers made "fried chicken" and "mustard green" comments/jokes to Plaintiff on numerous occasions.  Further, Plaintiff was not allowed to use certain areas and equipment by managers when those same managers allowed other (white) trainers to use the same areas and equipment they prohibited Plaintiff from using.  Other white employees and managers were allowed to check their children into the child care facility at the gym for 5-6 hour periods, but managers did not allow Plaintiff to do the same.  On or about September 22, 2009, Plaintiff was wrongfully terminated by the Defendant as a result of retaliation and racial discrimination.

## V.
### Cause of Action – Racial Discrimination by Defendant

8.     Plaintiff re-alleges all preceding paragraphs, and incorporates same by reference. On or about the September 22, 2009, Defendant and its representatives violated Title VII of the

Civil Rights Act of 1964 as amended by discharging Plaintiff from his position as a result of racial discrimination.

## VI.
## Cause of Action – Retaliation by Defendant

9.      Plaintiff incorporates by reference those facts set forth above in the preceding paragraphs.   Plaintiff alleges that the conduct of Defendant, as set forth above constitutes unlawful retaliation in violation of Title VII of the Civil Rights Act of 1964 as amended in that Defendant retaliated against Plaintiff by terminating his employment.   The above actions of Defendant were intentional and malicious and caused Plaintiff damages for which he now sues. Defendant's conduct was aggravated by the kind of willfulness, wantonness and malice for which the law allows the imposition of exemplary damages.

## VII.
## Damages

10.      Plaintiff herein incorporates all of the paragraphs in this Original Complaint for all purposes and incorporated herein with the same force and effect as if set forth verbatim.

11.      Plaintiff seeks all compensatory damages for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses allowed by law.

12.      Furthermore, as a direct and proximate cause of the actions of Defendant listed above, Plaintiff has suffered damages.   These damages include but are not limited to actual damages, attorneys' fees, pre-judgment and post-judgment damages as well as emotional distress and mental anguish.   The maximum amount of damages sought by Plaintiff is within the jurisdictional limitations of the Court.

13.   Plaintiff is also seeking compensation for front and back pay caused by unlawful retaliation and discrimination by Defendant. Plaintiff further seeks all lost wages and benefits in the past.

14.   Plaintiff seeks recovery of all damages associated with the injury to his reputation and character.

## VIII.
## ATTORNEYS' FEES AND COSTS

15.   Plaintiff seeks all reasonable attorneys' fees, court costs and expenses incurred in the prosecution of this suit and allowed by law.

## IX.
## CLAIM FOR PRE-JUDGEMENT AND POST-JUDGMENT INTEREST

16.   Plaintiff seeks recovery of pre-judgment and post-judgment interest, as allowed under applicable law.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that the Defendants be cited and commanded to appear and answer and, upon jury trial, that Plaintiff recover:

a.   Actual and compensatory damages;

b.   Reasonable and necessary attorneys' fees, litigation costs and court costs;

c.   Lost wages and benefits;

d.   Damages for emotional pain, suffering, mental anguish and inconvenience;

e.   Punitive damages;

f.   Pre-judgment and post-judgment interest as allowed by law; and

g.   Such other and further relief to which Plaintiff is entitled.

Respectfully submitted,

RONALD L. BRAXTON
1214 Providence Drive
Allen, TX 75002
Telephone:    832-725-2049